(102 So. 491)

### WITCHER v. STATE. (6 Div. 487.)

(Court of Appeals of Alabama. Dec. 16, 1924.)

1. **Criminal law ⬅⬆363—Testimony as to number of men in automobile in which accused was arrested held admissible as part of res gestæ.**

In prosecution for unlawfully possessing intoxicating liquors, testimony of deputy sheriff as to number of men in automobile containing whisky, and in which automobile defendant was riding when arrested, was admissible as part of res gestæ.

2. **Witnesses ⬅⬆264—Within court's discretion to permit state to recall witness to rebut testimony that no whisky was taken from accused's pocket.**

Where accused and his witness denied that deputy sheriff took bottle of whisky from accused's pocket, it was within court's discretion to permit state in rebuttal to recall deputy sheriff to testify that he took whisky out of accused's pocket.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Joe Witcher was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The question of venue is not involved in this case, as counsel for defendant stated in open court that "the defendant would admit the venue and jurisdiction." This appellant was convicted for the offense of violating the prohibition laws of the state by unlawfully having whisky in his possession.

The facts adduced upon the trial of this cause in the court below were in conflict, and there was ample evidence to justify the court in finding the defendant guilty, and to sustain the judgment of conviction from which this appeal is taken.

But two questions are presented for review, and these relate to the rulings of the court upon the testimony.

[1] It was insisted by the state, and the evidence of the state tended to sustain this insistence, that this appellant, together with two other men, were arrested by the officers on the highway of Jefferson county. That they were in an automobile which contained 25 gallons of whisky. The solicitor propounded, to state witness Jones, the question: "How many men were in that automobile at that time?" There was no error in the ruling of the court in this connection, and in declining to exclude the answer, "Three," given by witness. This testimony was of the res gestæ, and clearly admissible.

[2] On cross-examination of the defendant and his witness Walker Williams, they both denied that Deputy Sheriff Jones got a bottle of whisky out of the pocket of this defendant at that time and place. In rebuttal the state recalled witness Jones, and propounded to him the following question: "Did you gét any whisky out of that man's [defendant's] pocket?" Defendant objected to said question, on the grounds that "it was not in rebuttal, should have been brought out in the main case, and called for irrelevant, incompetent, illegal, and immaterial testimony." The court overruled the objection, and also overruled motion of defendant to exclude the answer; the witness having answered: "Yes, sir; I got one of those Heinz's vinegar bottles about half full." There was no error in either of these rulings. It was within the discretion of the court to allow this evidence to be introduced at this juncture; it also tended to contradict the defendant and his witness Williams wherein each had stated that no such thing had happened.

No other questions are presented. The record proper is without error; therefore the judgment appealed from will stand affirmed.

Affirmed.